

FILED

October 3, 2017

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time 3:20 P.M.

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT JACKSON

| | | |
|---|---|---|
| **JOHN CATES,** | ) | **Docket No. 2016-07-0611** |
| **Employee,** | ) | |
| **v.** | ) | |
| **PIGGLY WIGGLY GROCERY,** | ) | **State File No. 85929-2015** |
| **Employer,** | ) | |
| **And** | ) | |
| **FFVA MUTUAL INS. CO.,** | ) | **Judge Allen Phillips** |
| **Insurance Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING MEDICAL BENEFITS

This case came before the undersigned Workers' Compensation Judge on September 19, 2017, on John Cates' Request for Expedited Hearing. Mr. Cates requested medical benefits for a knee injury allegedly suffered in physical therapy. Piggly Wiggly denied the claim because Mr. Cates could not establish the specific time the knee injury occurred. The Court holds Mr. Cates did not establish a specific time of injury and denies his request for benefits at this time.

### History of Claim

Mr. Cates suffered carpal tunnel syndrome while working at Piggly Wiggly, and his authorized physician prescribed a work-hardening program as part of his treatment. Mr. Cates contended he hurt his right knee during work hardening when his therapist directed him to "walk around the building" in an effort to improve his endurance. Specifically, Mr. Cates said he stepped off a curb approximately twelve to sixteen inches high and his right knee "went to burning." He reported the claim, Piggly Wiggly denied it, and he filed a Petition for Benefit Determination (PBD) seeking medical benefits.

In the PBD, Mr. Cates listed the "date of injury" as September 29, 2015 (the date of the original carpal tunnel injury), and described the incident as follows: "While going to physical therapy for [my] hands, they had [me] walk a mile either inside or outside of

1

the building and peddling a bike. In the process of doing this, [I] injured [my] right knee." In an affidavit filed with his Request for Expedited Hearing, Mr. Cates provided no date of injury but stated, "As part of [work hardening] I was instructed to go outside and walk around the building. In the process of doing so, I missed a step and injured my knee."

Mr. Cates testified at the hearing that he first believed he was "getting gout" in his knee, similar to gout he had experienced in his foot, when he stepped off the curb. He told his primary physical therapist about his gout but did not remember telling him about stepping off the curb. Though he limped after the alleged event, he did not recall anyone asking him why. He said he was "not for sure" of the date of injury. Further, he could not explain why he first reported to Piggly Wiggly that he hurt his knee on May 13, 2016, but later offered deposition testimony that he was hurt on May 3. Finally, he conceded that the history given to his personal physician, whom he saw after his knee began hurting, implied the injury happened as early as late April.

Paul Reilly testified he was the supervising physical therapist at Sports Plus Rehabilitation Center, where Mr. Cates underwent therapy. He identified Mr. Cates' May 3 record that included no mention of a knee injury and that Mr. Cates performed "all activities as assigned." A record from May 4 indicated Mr. Cates had "no new complaints . . . other than knee pain from gout." Mr. Reilly testified Mr. Cates' "daily work schedules" at the facility contained neither a mention of a knee injury nor did they reference an "incident report" typically completed after an accident. The last entry indicated Mr. Cates cancelled his appointment on May 16 and was a "no-show" on May 17. On May 20, he told Mr. Reilly he was "going to see his [carpal tunnel physician]" about his knee. Mr. Reilly noted "no further contact" with Mr. Cates.

Though Piggly Wiggly contested the knee claim, it did provide a consultation with Dr. Jason Hutchison, an orthopedic surgeon. On June 20, Mr. Cates told Dr. Hutchison that he hurt his knee "about 6 weeks ago" while walking outside at work hardening. Dr. Hutchison suspected a torn meniscus and stated that, if a tear were present, it would be "greater than 51%" related to the "work related injury." He elaborated in his deposition by stating:

> If he is telling the truth, then, [the knee injury was primarily related] because his story to me was that "I was not having trouble with my knee, I missed a step, I began having trouble with my knee, and I've had trouble with my knee ever since." If that is the truth, then I believe he tore his medial meniscus when he had this fall. . . . I cannot, to a reasonable degree of medical certainty, say if he's telling the truth or not.

2

Dr. Hutchison recommended surgery because of Mr. Cates' level of pain. When Piggly Wiggly refused to pay for it, Mr. Cates requested this Court either order Piggly Wiggly provide him a panel of physicians or approve Dr. Hutchison to perform surgery.

### Findings of Fact and Conclusions of Law

*Standard applied*

Mr. Cates must come forward with sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2016).

*Analysis*

Injuries resulting from complications of treatment for a work injury are compensable if they naturally flow from the primary injury. *Lee v. W. Plastics*, 2016 TN Wrk. Comp. App. Bd. LEXIS 53, at *7 (Oct. 20, 2016). However, under current law, Mr. Cates must not only show any alleged injury that happened in treatment arose primarily out of the employment but also must show that it was caused by an incident identifiable *by time* and place of occurrence. Tenn. Code Ann. § 50-6-102(14)-(14)(A)(Emphasis added). Because Mr. Cates did not establish the time of his alleged knee injury, the Court must deny his request for benefits at this time.

The Court finds Mr. Cates sincere in his belief that he injured his knee when stepping off a curb during work hardening. However, his memory of the event was too cloudy to allow the Court to determine he would likely prevail at a hearing on the merits. He could not recall the specific date of injury, either as a day in May 2016, or for that matter one in late April. Moreover, Mr. Cates' work-hardening records contain no reference to any injury, and the Court accredits Mr. Reilly's testimony that therapists at the rehabilitation facility would have recorded any injury if reported. Admittedly, Mr. Cates' primary therapist did not testify regarding what Mr. Cates told him, but that therapist did record that Mr. Cates walked twenty "outside laps" on May 3, twenty more on May 4, ten on May 9, and five on May 10. On none of those dates did the therapist mention that Mr. Cates reported an injury. To the contrary, the Court finds two of the records reference Mr. Cates' complaining of gout but nothing more. The records do not reference any treatment on May 13.

Thus, the Court holds Mr. Cates did not come forward with sufficient evidence to show he is likely to prevail at a hearing on the merits and denies his claim for medical benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Cates' claim for medical benefits for a right knee injury is denied at this time.

2. This matter is set for a Scheduling (Status) Hearing on **Tuesday, December 19, 2017, at 9:30 a.m. Central time. You must call 731-422-5263 or toll-free 855-543-5038 to participate in the Hearing.**

**ENTERED this the 3rd day of October, 2017.**

_____
**Allen Phillips, Judge**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Affidavit of John Cates
2. Deposition of Dr. Jason Hutchison
3. Wage Statement
4. Letter from Piggly Wiggly to Mr. Cates regarding returning to work
5. Subpoena for Paul Reilly
6. OT Sports Plus Note (May 3, 2016)
7. OT Sports Plus Note (May 4, 2016)
8. "Daily Work Schedule" notes from Work Plus Rehabilitation Center
9. Jackson-Madison Co. General Hospital "Rehab Services" records

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Response in Opposition to Employee's Motion for Expedited Hearing
5. Employer's Pre-Trial Witness and Exhibit List
6. Employer's Pre-Hearing Brief
7. Transfer Order
8. Motion for Continuance

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 3rd day of October, 2017.

| Name | Via Email | Service Sent To: |
|---|---|---|
| Jeffrey P. Boyd, Esq., Attorney for Employee | X | jboyd@borenandboyd.com |
| Tiffany Sherrill, Esq., Attorney for Employer | X | tbsherrill@mijs.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

5